Julia Gatto
212 378 7587
jgatto@steptoe.com

**Steptoe**

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

July 11, 2023

*VIA E-MAIL*
AUSA Lauren Elbert, AUSA Gillian Kassner,
AUSA Devon Lash, and AUSA Jonathan Siegel
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Nicole Daedone & Rachel Cherwitz*, 1:23-cr-00146-DG

Dear Counsel:

We write jointly with Alston & Bird, counsel for Rachel Cherwitz, to request production of any and all materials in the possession, custody and control of the government pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny, including *Giglio v. United States,* 405 U.S. 150 (1972), and *United States v. Bagley,* 473 U.S. 667 (1985), and the Fifth and Sixth Amendments to the Constitution of the United States and applicable law.

Under the Supreme Court's rulings in *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Bagley*, 473 U.S. 667 (1985), and *Kyles v. Whitley*, 514 U.S. 419 (1995), and the applicable rules of prosecutorial ethics, Ms. Daedone and Ms. Cherwitz request immediate disclosure of any and all exculpatory or impeaching material in the possession, custody, or control of the government, the existence of which is known or by the exercise of due diligence may become known by the government (whether in documents, interview memoranda, agent's notes, grand jury transcripts, or otherwise). For purposes of this request, "all exculpatory or impeaching material" includes, but is not limited to, information favorable to Ms. Daedone or Ms. Cherwitz on the issue of guilt or punishment, or that affects the credibility of the government's case or the credibility of any potential government witness.[1]

Set forth below are specific examples of documents or information that would constitute materials and information in the possession, custody and control of the government which it is obligated to disclose. We seek prompt production of the materials, including but not limited to the specific examples below in order to (i) have sufficient time to conduct any necessary

---

[1] For purposes of this letter, "potential government witness" means any witness employed by the government; defendants who may have entered into cooperation or other agreements with the government or received immunity or entered pleas of guilty; unindicted co-conspirators; and any and all other possible witnesses in this proceeding or persons who have been interviewed or proffered information through counsel in this case or the government's investigation of OneTaste, Ms. Daedone, or Ms. Cherwitz.

Case 1:23-cr-00146-DG-RML   Document 49-1   Filed 09/29/23   Page 2 of 6 PageID #: 214

AUSA Elbert, et al.                                                                     Page 2 of 6
July 11, 2023

Re:  *United States v. Nicole Daedone & Rachel Cherwitz,* 1:23-cr-00146-DG

investigation; (ii) enable the defense to determine what motions are necessary; and (ii) enable counsel to prepare for trial, including the identification of relevant witnesses.

Please produce the materials in advance of our next scheduled court conference on July 26, 2023.

**"Documents or Information" Defined**

"Documents or Information" means all documents, communications, statements of witnesses, and any other evidence and information (written or unwritten) and/or notes or recordings related thereto in the possession, custody or control of the United States Department of Justice as well as documents and information in the possession, custody, or control of any federal, state, or local agency allied with the government (including, but not limited to, the United States Attorney's Office for the Eastern District of New York).[2]

To the extent any of the information was acquired by the government by searching or reviewing social media or other internet or non-internet postings, the government is obligated to disclose those materials whether or not such postings were publicly accessible.

"Documents or Information" also includes all materials in the possession, custody or control of the Federal Bureau of Investigation ("FBI") or any other local or federal agency considered to be an arm of the prosecution and thus requires a search of the agencies' emails, text messages and documents, including the emails of the case agent and any other agent working on the matter.

Each request is of a continuing nature, and we request prompt notice in the event that responsive Documents or Information comes to the government's attention at any point in the future.

Each of the examples enumerated below specifically includes all statements made by witnesses to, or otherwise reviewed by, law enforcement officials, whether such statements were memorialized or not. *See United States v. Rodriguez,* 496 F.3d 221 (2d Cir. 2007) (when the prosecution is in possession of material information that impeaches its witnesses or exculpates the defendant, it may not avoid its *Brady, Giglio and Bagley* obligation to disclose such information by not writing it down).

---

[2] The word "documents" includes, but is not limited to, all books, papers, letters, correspondence, reports, memoranda, studies, calendars, appointment books, diaries, notes, messages, computer facilitated or transmitted materials, images, photographs, information in any computer database, audio and video tapes, recordings, transcripts, ledgers, printouts, contracts, checks, receipts, and all copies or portions thereof, and any other written, recorded, or memorialized material of any nature, whether in paper or electronic form.

AUSA Elbert, et al.  Page 3 of 6
July 11, 2023

Re:  *United States v. Nicole Daedone & Rachel Cherwitz, 1:23-cr-00146-DG*

**Specific Examples of Documents or Information Requested**

This demand includes, but is not limited to, the following requests:

(i)   Documents or Information (in whatever form) indicating or tending to establish that any of the allegations in the Indictment are not true.

(ii)  Documents or Information that cast doubt on the government's allegation that OneTaste employees, volunteers, and/or contractors were subject to abusive or manipulative labor practices, including but not limited to Documents or Information regarding any employee, volunteer, and contractor who was *not* subject to such practices.

(iii) Documents or Information that undermine, whether directly or indirectly, the credibility of any OneTaste employee, volunteer, or contractor who complains they were subject to forced labor practices, including but not limited to Documents or Information that contradict their claims; Documents or Information that reveal their bias against Ms. Daedone, Ms. Cherwitz, or OneTaste, or any other motivation to lie; and Documents or Information regarding anyone's personal observations or knowledge of complainant(s) that contradict claims that complainant(s) were subject to abuse, manipulation, coercion or force while employed or affiliated with OneTaste.

(iv)  Documents or Information regarding the circumstances surrounding the complainant(s)' departure from OneTaste to the extent such circumstances cast doubt on the government's allegation that complainant(s) felt compelled to work and unable to terminate their employment.

(v)   Documents or Information regarding individuals and/or professionals who credit OneTaste programming with alleviating physical or emotional issues.

(vi)  Documents or Information that cast doubt on the government's assertion that residents of OneTaste and OneTaste-affiliated housing were subject to "constant surveillance" and/or were deprived of "personal privacy" without their consent, including but not limited to Documents or Information regarding individuals who lived in such housing who were *not* subject to surveillance or non-consensual deprivation of privacy.

(vii) Documents or Information that cast doubt on the government's assertion that OneTaste collected employees' personal information in order to make them "dependent on OneTaste," including but not limited to Documents or Information regarding the circumstances and policies surrounding collection of personal information, and Documents and Information regarding how the information was maintained and/or used.

AUSA Elbert, et al.  Page 4 of 6
July 11, 2023

Re: *United States v. Nicole Daedone & Rachel Cherwitz, 1:23-cr-00146-DG*

(viii) Documents or Information that cast doubt on the government's assertion that Ms. Daedone and Ms. Cherwitz did not "tolerate" "dissent" among OneTaste employees, volunteers, and contractors, including but not limited to Documents or Information regarding instances of—and protocols set up to resolve—"dissent," disagreement, or questioning from OneTaste staff.

(ix) Documents or Information that cast doubt on the government's assertion that Ms. Daedone and Ms. Cherwitz interfered with or otherwise broke up romantic relationships as part of a conspiracy to engage in forced labor practices, including but not limited to Documents or Information regarding all of the circumstances surrounding the relationships' dissolutions.

(x) Documents or Information that cast doubt on the government's assertion that Ms. Daedone and Ms. Cherwitz isolated OneTaste employees from family and friends as part of a conspiracy to engage in forced labor practices, including but not limited to Documents or Information regarding the family/friend relationships before, during, and after the complainant(s)' affiliation with OneTaste.

(xi) Documents or Information regarding the *consensual* nature of OneTaste employees, volunteers, and contractors' sexual and romantic relationships while affiliated with OneTaste.

(xii) Documents or Information that may be used to impeach any potential government witness, or any person whose statements will be introduced pursuant to Fed. R. Evid. 801(d)(2)(C), (D), or (E).

(xiii) Documents or Information, including but not limited to, any written notes (including rough notes) taken by the government during all interviews with potential government witnesses, particularly all notes that were not incorporated into an FBI Form 302.

   a. Any memos or writings that explain why notes of statements of any potential government witness were discarded or destroyed, whether intentionally or inadvertently.

   b. Any so-called "pens down" moments during interviews with potential government witnesses. To the extent that the government is aware of any *Brady/Giglio* information that has not been documented in a report, Ms. Daedone and Ms. Cherwitz ask the government to document such *Brady/Giglio* information and produce it.

(xiv) Any requests by investigating agents or employees of the Department of Justice to edit, revise, or otherwise change the content of any FBI Form 302 or interview memo.

Case 1:23-cr-00146-DG-RML   Document 49-1   Filed 09/29/23   Page 5 of 6 PageID #: 217

AUSA Elbert, et al.                                                                                Page 5 of 6
July 11, 2023

Re: *United States v. Nicole Daedone & Rachel Cherwitz, 1:23-cr-00146-DG*

(xv) Documents or Information that any member of law enforcement stated or suggested to a witness that law enforcement knows facts that the witness does not know as a way of compelling, coercing or procuring the witness's testimony for the government.

(xvi) Documents or Information that any member of law enforcement stated or suggested to a witness that such witness was a victim of some offense as a way of compelling, coercing or procuring that witness's testimony for the government.

(xvii) Documents or Information that any member of law enforcement stated or suggested to a witness that such witness was lied to, deceived or otherwise misled by Ms. Daedone, Ms. Cherwitz, or someone else as a way of compelling, coercing or procuring that witness's testimony for the government.

To the extent any witness provided a certain account to the government and then, after being confronted with purported statements of fact or opinion by government personnel, or shown a document by government personnel, changed that account in whole or in part, we request all such statements of that person. In addition, we request all information relative to (xv) through (xvi) above.

**If the Government Declines to Provide the Requested Documents or Information, Please Provide the Basis for the Government's Failure to Produce the Materials.**

In its June 28, 2023 cover letter enclosing the first document production, the government represented that it "is not aware of any exculpatory material regarding the defendant[s]." Based on the limited information available to Ms. Daedone and Ms. Cherwitz about the government's five-year-plus investigation preceding the Indictment, we believe that this simply is not true. Therefore, as an initial matter, we request that the government comply with its ongoing obligation to make inquiry into and disclose any *Brady* materials in a timely manner and on a continuing basis. *See, e.g., United States v. Shteyman*, No. 10 CR 347 (SJ), 2011 U.S. Dist. LEXIS 55202, at *25–26 (E.D.N.Y. May 23, 2011) (reminding the government "of its continuing obligation under *Brady* to disclose any such material prior to trial and to do so with sufficient time for defendants to have a fair opportunity to use it at trial." (citations omitted)).

Upon information and belief, over the course of its investigation, the government interviewed numerous individuals who provided information—and the government reviewed communications and other written materials—that are at odds, if not diametrically opposed, to the allegation that Ms. Daedone and Ms. Cherwitz conspired to engage in abusive and manipulative employment practices to obtain labor from OneTaste employees, volunteers, and contractors. For example, we believe the government interviewed or reviewed related materials from, or about, a large number of OneTaste employees, volunteers, and contractors who maintain the opposite—that neither Ms. Daedone, Ms. Cherwitz nor anyone at OneTaste engaged in abusive or manipulative labor practices. Where, as here, the government appears to allege that

AUSA Elbert, et al.  
July 11, 2023

Page 6 of 6

Re: *United States v. Nicole Daedone & Rachel Cherwitz, 1:23-cr-00146-DG*

Ms. Daedone and Ms. Cherwitz engaged in a "scheme, plan, or pattern" of forced labor practices, statements from and information about employees, volunteers, and contractors who were not subject to such practices is quintessential *Brady*. Furthermore, upon information and belief, we believe the government interviewed witnesses and reviewed related materials that undermine the credibility of the complainant(s) in this matter. Again, the government plainly is obligated to disclose this information.

Ms. Daedone and Ms. Cherwitz ask that the requested materials be provided by July 26, 2023. To the extent the government maintains, as it appeared to do in its June 28, 2023 letter, that it is not obligated to produce these materials to the defense, please let us know promptly so that Ms. Daedone and Ms. Cherwitz can make any appropriate motions. Alternatively, if the government denies that any of the aforementioned categories of Documents and Information exist (or continues to maintain, after further inquiry, that it is not aware of material disclosable pursuant to *Brady*), please confirm so in writing.

Thank you for your prompt attention.

*/s/ Julia Gatto*  
Julia Gatto  
Reid H. Weingarten  
STEPTOE & JOHNSON LLP  
1114 Avenue of the Americas  
New York, NY 10036  
212-506-3900  
jgatto@steptoe.com  
rweingarten@steptoe.com

*Counsel for Defendant Nicole Daedone*

*/s/ Jenny R. Kramer*  
Jenny R. Kramer  
Rachel Finkel  
ALSTON & BIRD LLP  
90 Park Avenue  
New York, NY 10016  
212-210-9400  
jenny.kramer@alston.com  
rachel.finkel@alston.com

*Counsel for Defendant Rachel Cherwitz*