Julia Gatto
212 378 7587
jgatto@steptoe.com

**Steptoe**

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

September 27, 2023

*VIA E-MAIL*

AUSAs Lauren Elbert and Gillian Kassner
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Nicole Daedone & Rachel Cherwitz*, 1:23-cr-00146-DG

Dear Counsel:

We write jointly with Alston & Bird, counsel for co-defendant Rachel Cherwitz, to renew our previous requests for any and all materials in the possession, custody and control of the government pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny. As explained below, upon credible information and strong belief, the government is in possession of *Brady* materials, including the specific materials Ms. Daedone and Ms. Cherwitz demanded in their letter to the government dated July 11, 2023 (Exhibit A), at the July 26, 2023 status conference (excerpts at Exhibit B), and by email dated August 16, 2023 (Exhibit C). To date, beyond representing general compliance with its obligations and making a single *Brady* disclosure (at ONETASTE00166003-190), the government has yet to meaningfully comply with its obligations. The delay in production of these critical materials is unjustified and has interfered, and continues to interfere, with Ms. Cherwitz and Ms. Daedone's ability to prepare their defense.

To be clear, the particularized written requests in Ms. Cherwitz and Ms. Daedone's July 11, 2023 letter (and subsequent demands) was not merely a "wish-list" of information they hoped the government had in its possession. On the contrary and as explained below, their requests were based on concrete information that the government, in fact, is both aware and in possession of *Brady* materials. This includes: (1) interview notes and testimony from individuals who have told the government that they were not subjected to, nor witness to, wrongdoing at OneTaste; (2) information in the government's possession that discredits complainant-witnesses' accounts of wrongdoing at OneTaste; and (3) information related to government agents' suggestive and improper questioning of witnesses.

AUSA Elbert, et al.
September 27, 2023                                                                                                    Page 2 of 4

Re:     *United States v. Nicole Daedone & Rachel Cherwitz, 1:23-cr-00146-DG*

   I.   *Ms. Cherwitz and Ms. Daedone (again) demand immediate production of materials from witnesses who have told the government that they were neither subjected to, nor witness to, wrongdoing at OneTaste.*

Defense counsel has spoken to several individuals who were interviewed by the government, each of whom has told us that they provided evidence to the government that tended to exculpate Ms. Daedone and Ms. Cherwitz. This includes, but is not limited to, information provided by individuals who were affiliated with OneTaste during the period of the charged conspiracy who told the government that, during the relevant period, they were not subjected to abusive or manipulative labor practices or subjected to abuse, manipulation, coercion or force, nor did they observe such practices.

In addition to what has been told to us by the individuals who were interviewed by the government, other individuals have posted online the substance of their interviews with the government, revealing that they told the government information that exculpated Ms. Cherwitz and Ms. Daedone. For example, ▇▇▇▇▇▇▇▇ recently posted online the following information about a pre-Indictment FBI interview in which he participated:

> Years later the FBI would question me about OneTaste's prostitution allegations. I told them I doubted they had a case. No one was ever forced or coerced to do anything sexual, nor pay money for it. They didn't have to. Women had sex with men they wouldn't have otherwise because they believed it was good for their growth. Men paid lots of money for courses because they believed it was good for their growth.

By way of just one other example, upon information and belief, a former general counsel to OneTaste, ▇▇▇▇▇▇▇▇, told the FBI during the government's pre-Indictment investigation that OneTaste's employment practices and its other functioning were not criminal or illegal.

The notes, recordings, or related materials of Mr. ▇▇▇▇▇▇ and Mr. ▇▇▇▇▇▇'s interviews and the dozens, if not more, interviewees who similarly told the government that OneTaste was not involved in criminality is quintessential *Brady* and Ms. Cherwitz and Ms. Daedone (again) demand the materials immediate production.

AUSA Elbert, et al.
September 27, 2023
Page 3 of 4

Re:     *United States v. Nicole Daedone & Rachel Cherwitz, 1:23-cr-00146-DG*

    II.    *Ms. Cherwitz and Ms. Daedone (again) demand immediate production of materials related to witnesses who have provided information that discredit complainant-witnesses.*

The defense also is aware that individuals have disclosed evidence to the government that contradicts, or at least calls into doubt, allegations made by complainants. For example, as reported in the media, ▮▮▮▮▮▮ has alleged that she was subject to sexual abuse while at OneTaste, but defense counsel is aware that multiple people who have intimate knowledge of Ms. ▮▮▮▮ and her allegations have informed the government that Ms. ▮▮▮▮'s complaints are false and incredible.

The notes, recordings, or related materials of witnesses who have provided materials to the government that cast doubt on any complainant's version of events is also quintessential *Brady* and Ms. Cherwitz and Ms. Daedone (again) demand the materials immediate production.

    III.    *Ms. Cherwitz and Ms. Daedone (again) demand immediate production of Brady materials relating to government agents' investigation.*

Defense counsel recently learned that government agents have contacted defense witnesses who were affiliated with OneTaste during the relevant timeframe to, among other things, inform the witnesses that they are "victims" of Ms. Cherwitz and Ms. Daedone and to ostensibly offer the witnesses access to government-sponsored victim assistance services. At least one of these women, ▮▮▮▮▮▮, who was recently contacted by FBI Special Agent Elliot McGinnis, previously spoke with Agent McGinnis a couple of years ago before Ms. Cherwitz and Ms. Daedone were indicted. In her pre-Indictment conversation with Agent McGinnis, Ms. ▮▮▮▮ affirmatively told him that she did not view herself as a victim, nor did she observe or know of any wrongdoing by Ms. Cherwitz, Ms. Daedone, or OneTaste leadership. In her most recent communications with the government, Ms. ▮▮▮▮ told the agent (again) that she is not a "victim" and, based on her experiences and observations, the allegations against Ms. Cherwitz and Ms. Daedone are false.

The above scenario—which we understand was not limited to Ms. ▮▮▮▮—raises serious concerns regarding both the government's pre- and post-Indictment investigative efforts, particularly as those efforts relate to defense witnesses. Identifying a witness as a "victim" and offering free victim services *despite her telling the government that she is not a victim* suggests a coercive attempt by the government to "victim shop" in an attempt to contrive witness testimony in its favor. The scenario also highlights categories of *Brady* material that the government

AUSA Elbert, et al.
September 27, 2023

Page 4 of 4

Re:  *United States v. Nicole Daedone & Rachel Cherwitz, 1:23-cr-00146-DG*

possesses and is obligated to disclose (which it has not). Of course, Ms. ███'s two conversations with the agent, presumably memorialized in corresponding FBI 302s, during which she reported that she was not a victim of wrongdoing or criminality and that she did not observe or know of any victimization of any one affiliated with OneTaste is squarely *Brady*. Furthermore, the agent's conduct during his more recent conversation with Ms. ███ during which he suggested to her, if not plainly stated to her, that she was a "victim" of a crime also is information to which the defense is entitled pursuant to *Brady*.

\* \* \*

Based on the above and pursuant to *Brady* and the applicable rules of prosecutorial ethics, we (again) demand immediate production of the specific materials requested in Ms. Cherwitz and Ms. Daedone's July 11, 2023 *Brady* request letter and all other exculpatory materials in the government's possession, custody or control. To the extent the government claims that it is not in possession of the requested materials, we again ask that you please confirm so in writing and refer to each specific *Brady* request when responding.

Thank you for prompt attention.

Sincerely,

| | |
|---|---|
| */s/ Julia Gatto* | */s/ Jenny R. Kramer* |
| Julia Gatto | Jenny R. Kramer |
| Reid H. Weingarten | Rachel Finkel |
| STEPTOE & JOHNSON LLP | ALSTON & BIRD LLP |
| 1114 Avenue of the Americas | 90 Park Avenue |
| New York, NY 10036 | New York, NY 10016 |
| 212-506-3900 | 212-210-9400 |
| jgatto@steptoe.com | jenny.kramer@alston.com |
| rweingarten@steptoe.com | rachel.finkel@alston.com |
| | |
| *Counsel for Defendant Nicole Daedone* | *Counsel for Defendant Rachel Cherwitz* |