

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

KCB/GK/DEL/NG/SMF
F. #2018R01401

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 31, 2024

<u>By ECF and Email</u>

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   <u>United States v. Cherwitz, et al.</u>
            <u>Criminal Docket No. 23-146 (DG)</u>

Dear Judge Gujarati:

      The government respectfully submits this letter in response to defendants Rachel Cherwitz and Nicole Daedone's December 30, 2024 letter ("Def. Mot.") requesting that the Court (i) dismiss the indictment against the defendants; (ii) bar the testimony of Ayries Blanck, an anticipated government witness; or (iii) authorize the issuance of Rule 17 subpoenas to Ms. Blanck and her sister directing the production of the Google drive metadata and edit history associated with two collections of typewritten documents that the government produced to the defendants in Rule 16 discovery (referred to in various filings as "Journal Set 1" and "Journal Set 2") which the government has already indicated it does not intend to seek to admit at trial. <u>See</u> ECF Dkt. No. 242. The defendants also request an evidentiary hearing to "resolve various issues" relating to Ms. Blanck's anticipated testimony. <u>Id.</u> at 12. For the reasons discussed below, the Court should deny the defendants' motion in its entirety.

      The defendants premise their motion on pervasive misstatements of fact. For example, the defendants incorrectly allege:

(i)    A special agent of the FBI used a "clandestine Gmail account" or a "personal email account" which he used "to communicate with Ms. Blanck" and such email communications were "not produced" and were "destroyed," Def. Mot at 2, 3, 10;

(ii)   A special agent of the FBI engaged in "serious and repeated misconduct intended to suppress exculpatory evidence," and the government "committed misconduct" in connection with "Ms. Blanck, her journals" and "other matters," <u>id.</u> at 2;

(iii)    The government "represented to defense counsel that [Journal Sets 1 and 2] were written (1) exclusively by Ayries Blanck; and (2) authored in 2015 after she left OneTaste," id. at 2, and previously sought the admission of the type-written journals, including under the residual hearsay exception, id. at 5;[1]

(iv)    The government "conceal[ed] the handwritten journals from the defense," id. at 3, and "concealed" materials on a hard drive belonging to Ms. Blanck," id. at 6;

(v)    A special agent of the FBI "urged [Ms. Blanck] to delete her email account to prevent her communications from being produced to the defense," id. at 6;

(vi)    A message Ms. Blanck sent to an FBI agent in "Confidential Mode" was "not preserved or produced to the defense and is no longer accessible," id. at 8, the government "never produced evidence" of a communication sent to a special agent in "Confidential Mode," and defense counsel "discovered it for the first time during her December 4, 2024 meeting at the FBI offices," id. at 10;[2]

(vii)    The government "has not produced the actual [versions of Journal Sets 1 and 2] that [the FBI] received," id. at 3 n. 1, and "has refused to produce the pdfs [of Journal Sets 1 and 2] as they were first downloaded on [the FBI's] computer with corresponding meta-data," id. at 10; and

(viii)    The government "has the ability to produce the journals that [a Special Agent] downloaded on March 10, 2024 with meta-data and *his* edit history" and "refuses to do so," id. at 8.

These allegations are baseless and misleading. At bottom, these unsubstantiated accusations essentially claim the government has not produced materials in its possession to which the defense is entitled, namely Ms. Blanck's handwritten or typed journals, email communications from Ms. Blanck to an FBI agent, and associated metadata for these journals maintained by the FBI. As the government has repeatedly made clear, it has produced all materials in its

---

[1] The government has not stated that it will seek the admission of the typed documents referred to as "Journal Set 1" and "Journal Set 2." In its motions in limine; the government specified that it would seek to admit Ms. Blanck's "multiple handwritten journal entries" which the government stated Ms. Blanck wrote "both during and after she served as a student and staff member of OneTaste." ECF Dkt. No. 169 at 113. The government did not intend to create any impression that it would seek admission of the typed documents; and for clarity, it will not.

[2] The government met with defense counsel at the FBI's offices on December 10, 2024, not on December 4, 2024. Furthermore, the government disclosed an email in which Ms. Blanck transmitted materials to the FBI in "Confidential Mode" on December 3, 2024, in advance of that meeting.

2

possession and has offered to the defense the availability to inspect any physical copies and metadata.

As to the journal entries, the government produced scanned versions of Ms. Blanck's handwritten journals in July 2024 and copies of Journal Sets 1 and 2 in September 2023, as well as information about the provenance of those documents in its rolling disclosures of 18 U.S.C. § 3500 material, which it began making in November 2024.[3]  The government has made this clear in its prior filings on this topic, see ECF Dkt. Nos 218 & 232, in court conferences, and in its communications to the defense counsel.

As to the email communications, the government has disclosed the emails that Ms. Blanck sent to the FBI transmitting such materials, including emails that she sent to a Gmail address, which an FBI special agent used in his professional capacity to access the materials on a Google drive, in its 18 U.S.C. § 3500 productions.

As to the metadata, the government has consistently made any materials in its possession relating to Ms. Blanck's journals available to the defendants for their inspection upon request, including the inspection of any associated metadata.  Indeed, on December 10, 2023, the government met with defense counsel while defense counsel reviewed the available metadata for the versions of Journal Sets 1 and 2 that were downloaded by the FBI and maintained in evidence.[4]

What is evident from the defendants' motion is that they are prepared to pursue every available means to seek to delay the upcoming trial and to prevent Ms. Blanck from testifying.  With trial scheduled to begin in less than two weeks, they now claim that they need more than 15 days for a forensic examiner to render an opinion on the journals.  See Def. Mot. Exhibit O at 2.  The Court should deny this untimely request.  The deadline for expert disclosures was October 21, 2024, three months after the government produced scanned copies of the handwritten journals, and 15 months after the government after produced Journal Sets 1 and 2 in discovery.  And any claim that the defendants' request to conduct this analysis now is in any way timely is belied by the fact that, on the expert disclosure deadline, the defendants

---

[3]     As explained in a prior filing, prior to receiving Ms. Blanck's physical handwritten journals, on or about March 9, 2023, the FBI had separately received two typewritten documents— Journal Sets 1 and 2—from Ms. Blanck via Google Doc link.  See ECF Dkt. No. 218.  Journal Sets 1 and 2 are not Jane Doe 1's original journals; they are typewritten documents initially created by Jane Doe 1's sister, who transcribed excerpted portions of Jane Doe 1's handwritten journal entries and subsequently used them in connection with a documentary about OneTaste that later aired on Netflix in or around November 2022.  Jane Doe 1 has stated that she reviewed and edited the typewritten documents prior to their use in the documentary.  The government does not at present intend to call Ms. Blanck's sister as a witness or admit Journal Sets 1 and 2 at trial.

[4]     Notably, despite the government's repeated offers for defense counsel to inspect the handwritten journals, defense counsel have never sought to inspect them, including at their recent visit to the FBI's offices.

noticed an expert specifically on the authorship of Ms. Blanck's journals. See ECF Dkt. No. 178 at 46 (Disclosure of Expert Witness Dr. Robert A. Leonard). The defendants had every opportunity at that juncture to notice another potential handwriting or forensic examiner expert but did not do so. Furthermore, the defendants will have an opportunity to cross examine Ms. Blanck about the journals—and any purported misstatements by her regarding the journals—should they elect to do so at trial.

The Court should likewise deny the defendants' requests for a hearing, and for the drastic remedies of dismissal of the indictment or barring testimony by Ms. Blanck at trial. The defendants cite no authority supporting the grant of such an extraordinary remedy based on the relevant facts at hand, and the government is unaware of any.

Finally, the Court should deny the defendants' request for the Court's authorization to issue Rule 17 subpoenas to Ms. Blanck and her sister for the reasons stated in the government's previous filing on this subject. ECF Dkt. No. 218. In particular, the defendants seek the disclosure of information relevant to Journal Sets 1 and 2, which the government does not intend to admit at trial, and which were created by Ms. Blanck's sister, who the government does not intend to call as a witness. Any expert testimony regarding the authorship and editing history of such documents is irrelevant to the issues before the jury, and any minimal probative value of such information would be substantially outweighed by the significant risk of confusion of the issues before the jury and wasting time. Fed. R. Evid. 401 & 403.

III.   Conclusion

For the reasons set forth herein, the Court should deny the defendants' motion in its entirety.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Gillian Kassner
Devon Lash
Kayla Bensing
Nina Gupta
Sean Fern
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of Court (DG) (via ECF and Email)
    Counsel for Cherwitz and Daedone (via ECF and Email)