# Ballard Spahr

---

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Celia Cohen
Tel: 646.346.8002
Fax: 212.223.1942
cohenc@ballardspahr.com

Michael P. Robotti
Tel: 646.346.8020
Fax: 212.223.1942
robottiM@ballardspahr.com

March 14, 2025

*Via ECF*

Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  United States v. Nicole Daedone and Rachel Cherwitz, 23-CR-146

Dear Judge Gujarati:

The defendants respectfully request that the government's March 12, 2025 letter, in which it finally admits that Ayries Blanck fabricated her journals and repeatedly lied to the government about the journals' authenticity, be unsealed in its entirety. Any historical references to the fake journals in Blanck's 18 U.S.C. § 3500 material, as well as the fake journals themselves, should also be unsealed.

Since the defense first raised the falsity of the journals in September 2024, the government has consistently misrepresented facts about these fake journals in open court, in various filings, and even in a motion in limine claiming their authenticity. In that lengthy motion, the government devoted eight pages to the admissibility of these journals, and it specifically asked the Court to find them admissible, based on their "high degree of trustworthiness." Dkt. No. 169 at 115. It further claimed that they were the "best evidence of [Blanck's] then-existing psychological and emotional state." *Id*. These government misstatements and others have caused significant reputational, financial, and emotional harm to the defendants. Until now, they have not been able to publicly demonstrate that Blanck's journals are fake and that she repeatedly lied to the government.

While the government now admits that all of its prior public statements about the journals were wrong, it continues to contend that Blanck's 3500 material related to the journals and her deposition transcripts should be sealed. Given that all Blanck's statements related to the journals were false and designed to secure a wrongful conviction in this case, the government should not be permitted to shield those statements any longer. It is time that the

public learns the truth about Blanck's lies and the misrepresentations that have been made about the journals for years, including in a widely disseminated Netflix film.

The government should immediately drop the charges against the defendants. It also should investigate and prosecute Blanck for manufacturing evidence for this trial (*i.e.*, the fake handwritten journals she created to conceal her fake electronic journals for Netflix), as well as for her incessant lies to the government since July 2018. Blanck's lies and fake evidence drained this Court's and the defense's resources, and they convinced the government to bring a baseless indictment against the defendants, thereby destroying their reputation. Considering the government has presented so much false and misleading information in public filings and in open court, it cannot now hide behind protective orders to shield the public from the truth about the tainted investigation and prosecution of this case. Blanck gave up her right to privacy once she lied to the government and fabricated evidence in a federal criminal case—the public has a right to hear her lies and the defendants have a right for them to be heard.

The Supreme Court has recognized the importance of public access to criminal proceedings to the functioning of the judicial process. *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604 (1982). Indeed, public scrutiny of a criminal trial enhances the quality and safeguards the integrity of the fact-finding process, with benefits to both the defendant and to society as a whole. *United States v. Alcantara*, 396 F.3d 189, 195 (2d Cir. 2005) (citing *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604 (1982)). As set forth in countless filings in this case, there are serious questions about the integrity of this investigation and prosecution. As such, the public scrutiny of this trial is of the utmost importance to ensure the proper administration of justice. *See id. (*recognizing public access to criminal trial fosters appearance of fairness, thereby heightening public respect for judicial process). Accordingly, because Blanck has no privacy interest in her lies, and she is no longer a witness in this trial, there is no longer any basis for her statements to be sealed.

For the foregoing reasons, the defendants respectfully request that the Court fully unseal the government's March 12, 2025 letter (Dkt 292), all references to Blanck and her journals in prior submissions to the court, and all § 3500 material related to her journals. In

addition, the defense further requests that all references to Blanck in future submissions be excluded from the protective order and publicly filed.

Respectfully submitted,

Celia Cohen

Michael P. Robotti