

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

May 11, 2025

*Via ECF*

Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     United States v. Nicole Daedone and Rachel Cherwitz, 23-CR-146

Dear Judge Gujarati:

     Defendants Rachel Cherwitz and Nicole Daedone respectfully object to the Court's application of Federal Rule of Evidence 412 ("Rule 412") to evidence related to complainants' sexual activities at OneTaste. For starters, Fed. R. Evid. 412 does not apply in cases where the complainant is not alleging a sex offense. To the extent that witnesses in this case *are* alleging sex offenses, they have not done so in any specific way, thereby making it imperative that Defendants be afforded the opportunity to cross examine on all alleged sexual activity of the complainants. To hold otherwise would simply preclude Defendants from rebutting generalized claims of "sexual abuse" like those made by Rebecca Halpern. In fact, this record already reflects reversible error where the government has been permitted to elicit testimony of, and the defense was denied the opportunity to, address all of Ms. Halpern's sexual activities at OneTaste while simultaneously allowing her to testify in sweeping terms that she was a victim of "sexual harm" and "sexual abuse." Failing to allow Defendants to elicit testimony on this topic infringes upon Defendants' Fifth Amendment due process right and Sixth Amendment right to confront the witnesses against them.

I.     Federal Rule of Evidence 412 Does Not Apply Because This Is Not a "Sex-Offense Case[]"

     The title of Rule 412 is "Sex-Offense Cases: The Victim." This is not a sex-offense case. The sole charge against each defendant is "Forced Labor Conspiracy." The government did not indict the defendants on sex trafficking. It solely indicted them on forced labor conspiracy. Rule 412 is not applicable in this case because forced labor is not a sex offense. *See* 18 U.S.C. § 3559(e)(2)(A) (including in the definition of a "federal sex offense" pertaining to minors an offense under, *inter alia*, 18 U.S.C. § 1591 (sex trafficking) but not including 18 U.S.C. § 1589 (forced labor).) Even if F.R.E. 412 generally applies in forced labor cases involving claims of

sexual misconduct, it is inapplicable in a case like the instant one where the government has alleged generally that the Defendants conspired to create a "sex cult" where its "members" were forced in all manner of sexual activity since all evidence regarding sexual activity during the relevant time period is relevant to the charged offense.

II.     Defendants Must Be Allowed to Rebut Witnesses' Claims of "Sexual Harm" and "Sexual Abuse."

Over Defendants' objection, Rebecca Halpern was permitted to testify in sweeping terms that she suffered "sexual harm" and "sexual abuse" during her time at OneTaste. [Tr. R. 120; 790-791] Halpern testified (over objection):

> [t]he reason I left was not because I didn't agree with any of it or that the – you knos, what I signed was incorrect or anything like that. The reason I left was because I couldn't – I couldn't withstand the berating and the *sexual abuse* and the emotional abuse and the psychological abuse that was happening behind closed doors; that is not included in any of the things that I signed. That's the brainwashing. (Tr. R. 790-91)

Over Defendants' objection, Ms. Halpern was not required to specify the precise "sexual harm" or "sexual abuse" she suffered, leaving the defense with the dilemma of having to refute *all* of Ms. Halpern's testimony about her sexual activities at OneTaste that she introduced into the conversation. It remains unclear whether the sexual harm about which she complains involved OMing generally, specific acts of OMing, her sexual relationship with Rob Kandell, or other sexual relationships that she mentioned. Again, because the Court permitted the government to present this evidence without foundation over Defendants' objections, Defendants should have been permitted to show that all of Halpern's sexual activities at OneTaste were consensual. To hold otherwise simply amounts to denying Defendants' basic right to defend the allegations – which are ill-defined. This is not a Rule 412 issue. Indeed, this is just another example of the Court depriving Defendants of their Sixth Amendment right to defend the case against them.

*United States v. Raniere,* 2019 U.S. Dist. LEXIS 84634 (E.D.N.Y. May 3, 2019) is on point. There, the District Court acknowledged that Raniere sought to introduce evidence not of *other* sexual acts or behavior, but of Raniere's and the alleged victims' behavior *in engaging in the sexual acts at issue here. Id.* at *7. The District Court found that those inquiries were clearly fair play. *See also, United States v. Brown,* 2019 U.S. Dist. LEXIS 42603, *2 (M.D. Pa. Mar. 15, 2019) (allowing sex trafficking defendant to ask victim witnesses about "other prostitution acts that occurred during the time period charged in the indictment, as they are relevant to the issue of force or coercion," but precluding him from introducing evidence on cross-examining victim witnesses regarding such acts engaged in before or after the time period charged in the indictment).

The government's entire case alleging that OneTaste was a "sex cult," where people were brainwashed into engaging into sexual activity of all kinds, opens the door to testimony *about* that sexual activity. Again, this is not a case where there is a discrete act of sexual assault or

sexual misbehavior alleged. Rather, the government has alleged a 12-year conspiracy in which all manner of sexual activity was coerced through brainwashing tactics. Given the government's approach and the fact that the Court has allowed the government to present this type of case without limits or boundaries, Defendants must be afforded the opportunity to refute these allegations which does not implicate Rule 412.

III.    **If Federal Rule of Evidence 412 Is Stretched to Apply Here, the Exception in (b)(1)(B) Must Also Apply**

Rule 412 states that certain evidence "is not admissible in a civil or criminal proceeding involving *alleged sexual misconduct*." Fed. R. Evid. 412(a) (emphasis added). If Rule 412 is applicable in this criminal proceeding, the "alleged sexual misconduct" involves allegations that the defendants coerced the alleged victims to engage in sexual activity. However, if the Court interprets "alleged sexual misconduct" to encompass those allegations and thereby bring the contested evidence within the scope of Rule 412(a), then the Court must interpret the language in Rule 412(b)(1)(B) just as broadly. That exception renders admissible "evidence of specific instances of a victim's sexual behavior *with respect to the person accused of the sexual misconduct.*" Fed. R. Evid. 412(b)(1)(B) (emphasis added). In this case, the persons accused of sexual misconduct *are* Ms. Daedone and Ms. Cherwitz. Ms. Halpern's consensual sexual behavior with other OneTaste associates goes directly to the accusations of sexual misconduct against Ms. Cherwitz and Ms. Daedone—because it bears on Ms. Halpern's sexual behavior "with respect to" the defendants (*i.e.*, being coerced by them to engage in sexual activity with other people). Indeed, in the prosecution of Keith Raniere, the Eastern District of New York allowed evidence that was "intrinsic to and purportedly undermines the claims of coercion that are at the heart of many of the charged crimes." *United States v. Raniere*, No. 1:18-cr-00204, May 16, 2019, ECF No. 651. The defendants are not asking to elicit testimony about Ms. Halpern's sexual behavior outside of OneTaste or otherwise irrelevant to the charged crime. Defendants should be afforded the same relief.

To be clear: The alleged sexual misconduct relevant to this issue is not Defendants' *own* non-consensual sexual activity against Ms. Halpern. It is Defendants' purported coercion of Ms. Halpern to engage in sexual activity with *other people*. That twist underscores the fact that Rule 412 does not apply. But if it does, then evidence that Ms. Halpern—or other alleged victims from whom the government intends to elicit similar testimony—engaged in consensual sexual activity with OneTaste associates must be admitted as evidence that pertains to Ms. Halpern's (or other witnesses') sexual behavior with respect to Defendants.

IV.    **At a Minimum, Federal Rule of Evidence 412(b)(1)(C) Necessitates the Admissibility of the Contested Evidence**

Rule 412 contains another exception, where "exclusion [of the evidence] would violate a criminal defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(C). Here, Defendants' right under the Sixth Amendment's Confrontation Clause is critically limited by the Court's ruling. Evidence that complaining witnesses engaged in consensual sexual activity with OneTaste

Honorable Diane Gujarati
May 11, 2025
Page 4 of 6

associates bears directly on the credibility of her testimony that Defendants coerced her into engaging in sexual activity with OneTaste associates.

V.     Testimony that ▇▇▇▇ Worked as an Escort During Her Time at OneTaste Is Not Subject to Rule 412.

Depending on direct examination, Defendants intend to elicit testimony on cross-examination that ▇▇▇ worked as an escort separate and apart from any sexual activity at OneTaste. Defendants do not plan to get into any details about her work as an escort but such testimony is relevant for a number of reasons, including that it refutes ▇▇▇ claims that she lacked any agency while involved in the OneTaste community, that she was prohibited from working outside the community and that she earned a living as an escort. Evidence concerning ▇▇▇ sex work is also admissible to explain conflict she had with the Defendant who told ▇▇▇ that OneTaste employees could not work as sex workers.[1]

If the government elicits testimony about ▇▇▇ psychological harm or the trauma she experienced at OneTaste, Defendants will seek to question her about the fact that she was sexually assaulted while working as an escort completely outside the context of OneTaste. Defendants have no intention of eliciting this testimony absent testimony from ▇▇▇ that she suffered psychological harm as a result of OneTaste when there are clearly other sources and causes of her psychological harm such as a sexual assault while working as a sex worker outside of OneTaste.

For the reasons above, Defendants must be afforded the opportunity to freely question the witnesses about their sexual activities while working for OneTaste or being part of the community. Again, the government's entire theory of the case is that OneTaste was a sex cult where its employees and community members were brainwashed into sexual activities *by Defendants* that they otherwise would not have participated in. To limit Defendants ability to cross examine witnesses about *all* \of their sexual activities is simply to violate Defendants' Sixth Amendment rights to present a defense and their Fifth Amendment rights to a fair trial. ople in the OneTaste community.

VI.     The Government's Response

The government is mindful of the Court's limitations on page length, and will keep its response brief.

First, as the government already briefed in its motions in limine, Federal Rule of Evidence 412 applies to forced labor cases that involve, as here, sexual labor. United States v. Rivera, 799 F.3d 180, 185 (2d Cir. 2015) ("Villaman also argues that Rule 412 is inapplicable to the forced labor counts. But the 'labor' the victims were forced to provide was, in part, prostitution, and some of the means by which Appellants compelled the victims' forced labor was through sexual assault and the threat of sexual assault. Thus, this was a 'criminal proceeding

---

[1] The defense may also seek to admit similar evidence related to ▇▇▇▇ on the same grounds.

involving alleged sexual misconduct.'"). But even if this case did not fall within the ambit of Rule 412, Rule 404(b)(1) prohibits the admission of other acts for the purposes of proving a person's propensity. Fed. R. Evid. 404(b)(1) ("(1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.). Propensity is precisely the proffered basis for the requested testimony—because the witnesses had some consensual sexual encounters, they were all consensual. Notably, the defense did not provide the requisite pretrial notice under Rule 412.

Second, with respect to Rule 412's applicablility to Ms. Halpern, the Court invited the defense to write a letter on the topic in advance of the second day of their cross examination of her and they declined to do so. The government respectfully submits Ms. Halpern's testimony was clear with regards to the defendants' attempts to coerce her into, and coercion of, sexual labor. In any event, the defense had an opportunity to clarify the sexual acts Ms. Halpern testified were coerced, which the defendants declined to do in their one-and-a-half days of cross-examination.

Third, with respect to ▓▓▓▓▓▓▓ the government anticipates eliciting at a high level testimony of her non-OneTaste sex work during the relevant period, including an assault she sustained. While the government respectfully requests the Court to limit cross-examination into the details of that assault as irrelevant and to prevent undue witness harassment, see Fed. Rule Evid. 403 and 611(a)(3), we have no objection to high-level cross-examination on these topics as relevant to this case.

Fourth, as a general matter, the government objects to blanket cross-examination regarding "*all* of [the witnesses'] sexual activities" to the extent that such examination runs afoul of Fed. R. Evid. 412, 404, 403 and 402.

Respectfully submitted,

/s/JENNIFER BONJEAN

Jennifer Bonjean
*One of the attorneys for Nicole Daedone*
Bonjean Law Group, PLLC
303 Van Brunt Street, 1st Floor
Brooklyn, NY 11231
718-875-1850

/s/CELIA A. COHEN
/s/MICHAEL P. ROBOTTI
Celia A. Cohen
Michael P. Robotti
*Counsel for Rachel Cherwitz*

Honorable Diane Gujarati
May 11, 2025
Page 6 of 6

                                            Ballard Spahr, LLC
                                            1675 Broadway, 19th Floor
                                            New York NY 10019
                                            212-223-0200