# Ballard Spahr LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Celia Cohen
Tel: 646.346.8002
Fax: 212.223.1942
cohenc@ballardspahr.com

Michael P. Robotti
Tel: 646.346.8020
Fax: 212.223.1942
robottiM@ballardspahr.com

June 9, 2025

*Via ECF*

Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     United States v. Nicole Daedone and Rachel Cherwitz, 23-CR-146

Dear Judge Gujarati:

      Defendants Rachel Cherwitz and Nicole Daedone respectfully requests that the Court permit them to remain on bail pending sentencing, which the Court scheduled for September 25, 2025. While the defendants were convicted of a conspiracy to commit forced labor, there is no evidence that they are either a danger to society or a flight risk. Indeed, both Ms. Cherwitz and Ms. Daedone have been out on bond for the past two years with no issues. Furthermore, the government is not seeking remand in this case, and the defense assured the government that the defendants would not associate with one another, nor any co-conspirators while out on bond. Accordingly, for the reasons set forth more fully below, Ms. Cherwitz should be permitted to remain on a $300,000 bond, which is guaranteed by two sureties, her husband, Matthew Pelletier, and friend, Nancy Coleman. Ms. Daedone should remain on a $1,000,000 secured by three suretors.

      Under 18 U.S.C. § 3143(a)(1), the defendant has the burden of proving "by clear and convincing evidence that [she] is not likely to flee or pose a danger to the safety of any other person or the community if released." Courts in this Circuit have routinely applied this standard to hold that a defendant may be released on bail pending sentencing. *See, e.g.*, *United States v. Chavez*, 710 F.Supp.3d 227, 239 (S.D.N.Y. 2024) (finding that continuing release is appropriate for a defendant "who has been 100% compliant with the terms of his release to date, does not pose a danger to anyone, and does not present a risk of flight" and holding that "conditions at the MDC constitute 'exceptional reasons' why detention of most defendants who do not pose a risk of flight or danger to the community . . . 'would not be appropriate'").

Honorable Diane Gujarati
June 9, 2025
Page 2

    For the reasons described above, the defendants have demonstrated by clear and convincing evidence that they should remain on bond. Over the past two years, the defendants have not exhibited any behavior that would warrant remand pending sentencing, and have been "100% compliance". *Id.* at 239. While the defendants have now been convicted, they have been facing this potential outcome for the past two years, and have demonstrated their ability to comply with the conditions of release. Accordingly, given the lack of any evidence to support remand in this case, Ms. Cherwitz and Ms. Daedone should be permitted to remain on bond pending sentencing.

    Respectfully submitted,

/s/CELIA A. COHEN
/s/MICHAEL P. ROBOTTI
Celia A. Cohen
Michael P. Robotti
*Counsel for Rachel Cherwitz*
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019
212-223-0200

/s/JENNIFER BONJEAN
Jennifer Bonjean
*Counsel for Nicole Daedone*
Bonjean Law Group, PLLC
303 Van Brunt Street, 1st Floor
Brooklyn, NY 11231
718-875-1850