COURT'S
EXHIBIT NO. *Def*
IDENTIFICATION/EVIDENCE
DKT.# *23CR146*
DATE: *6/6/25*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
United States of America


        v.                                                    23-CR-00146 (DG)


Rachel Cherwitz and Nicole Daedone,

                        Defendants.
-------------------------------------------------------------X


## JURY INSTRUCTIONS

### June 6, 2025

## TABLE OF CONTENTS

1.  Function of the Jury ............................................................................... 5

2.  Role of the Court ................................................................................... 5

3.  Court Has No View ................................................................................ 5

4.  Equality of the Parties Before the Court ............................................... 6

5.  Burden of Proof ..................................................................................... 6

6.  Reasonable Doubt .................................................................................. 6

7.  Presumption of Innocence ..................................................................... 7

8.  Defendant's Right Not to Testify .......................................................... 7

9.  Multiple Defendants .............................................................................. 7

10. What is Evidence ................................................................................... 8

11. What is Not Evidence ............................................................................ 8

12. Limiting Instructions ............................................................................ 8

13. Types of Evidence ................................................................................. 9

14. Transcript .............................................................................................. 9

15. Charts and Summaries ......................................................................... 10

16. Redactions ........................................................................................... 10

17. Stipulations ......................................................................................... 10

18. Venue ................................................................................................... 10

19. Dates Approximate .............................................................................. 11

20. Meaning of "And" in the Indictment ................................................... 11

21. Knowingly and Intentionally ............................................................... 11

    A.  Knowingly .................................................................................. 12

    B.  Intentionally .............................................................................. 12

22. Forced Labor Conspiracy ......................................................................................... 13

    A.   First Element: Existence of the Conspiracy .................................................. 14

    B.   Second Element: Membership in the Conspiracy ........................................ 15

    C.   Object of the Conspiracy (Forced Labor) .................................................... 16

        i.   Title 18, United States Code, Section 1589(a) ...................................... 18

            a.   First Element ........................................................................... 18

            b.   Second Element ....................................................................... 19

            c.   Third Element ......................................................................... 20

        ii.   Title 18, United States Code, Section 1589(b) ...................................... 21

            a.   First Element ........................................................................... 21

            b.   Second Element ....................................................................... 22

            c.   Third Element ......................................................................... 22

23. Statements and Acts of Co-Conspirators ................................................................ 23

24. Credibility of Witnesses ......................................................................................... 24

25. Law Enforcement Witnesses ................................................................................... 25

26. Witness with Immunity ........................................................................................... 25

27. Interviews of Witnesses ........................................................................................... 25

28. Permissible Inferences from Evidence ................................................................... 26

29. All Available Evidence Need Not be Produced ..................................................... 26

30. Investigative Techniques ......................................................................................... 26

31. Specific Law Enforcement Techniques Not Required .......................................... 26

32. Bias ........................................................................................................................... 27

33. Punishment .............................................................................................................. 27

34. Persons Not on Trial ............................................................................................... 27

35.  Deliberations ................................................................................................ 27

36.  Unanimity ..................................................................................................... 28

37.  Jury Charge .................................................................................................. 28

38.  Jury Communications with the Court ......................................................... 28

39.  Right to See Exhibits and to Have Testimony Read During Deliberations ........................... 28

40.  Jurors' Notes ................................................................................................ 29

41.  No Communications ..................................................................................... 29

42.  Selecting a Foreperson ................................................................................ 30

43.  Verdict Form ................................................................................................ 30

44.  Not to Reveal Status .................................................................................... 30

45.  Oath ............................................................................................................. 30

46.  Alternate Jurors .......................................................................................... 31

Now that the evidence has been presented and the attorneys have concluded their closing arguments, it is my responsibility to instruct you on the law that governs this case.

**1.    Function of the Jury**

Let me remind you that in accordance with your oath as jurors it is your duty to follow the law as I state it. You have the important responsibility to judge the facts. And you alone – not counsel and not the Court – are the judges of the facts.

**2.    Role of the Court**

It is my duty to instruct you on the law. You must accept my instructions and apply them to the facts as you determine them.

It would violate your sworn duty to base a verdict on any other view of the law than the one I will give to you. This means you must follow my instructions regardless of any opinion that you may have as to what the law might or should be and regardless of whether any attorney has stated a legal principle differently from how I might state it now.

You must also consider these instructions as a whole during your deliberations and may not single out any instruction as alone stating the law. You will receive a copy of these instructions for use during your deliberations.

**3.    Court Has No View**

I express no view on whether either Defendant is guilty or not guilty. You should not draw any inference or conclusion as to whether either Defendant is guilty or not guilty from anything I may have said or done. You will decide this case solely on the evidence and the law.

To repeat, no statement, ruling, remark, or comment that I have made during the course of the trial is intended to indicate any opinion as to how you should decide the case or to influence you in any way in your determination of the facts. You also should not concern

yourselves with the content of any discussion that I had with the parties at sidebar.

4.     **Equality of the Parties Before the Court**

The prosecution is, as you know, brought in the name of the United States, but that does not entitle the Government to any greater or lesser consideration than the Defendants. The Government and the Defendants are equal before this Court and they are entitled to equal consideration.

5.     **Burden of Proof**

The Government has the burden of proving guilt beyond a reasonable doubt. This burden never shifts to the Defendants. The Defendants do not have to prove their innocence.

6.     **Reasonable Doubt**

I have said that the Government must prove the Defendants guilty beyond a reasonable doubt. So the question, naturally, is what is a reasonable doubt. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal affairs. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

A reasonable doubt, however, is not an impulse or a whim; it is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

In a criminal case, the burden is at all times on the Government to prove guilt beyond a reasonable doubt. The law does not require that the Government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. Again, this burden never shifts

to the Defendants, which means that it is always the Government's burden to prove each of the elements of the crime charged beyond a reasonable doubt.

**7.    Presumption of Innocence**

Each Defendant has pled not guilty to the charge in the Indictment.  To convict either Defendant, the burden is on the Government to prove that Defendant's guilt on each element of the charge beyond a reasonable doubt.  The law presumes the Defendants to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, each Defendant starts with a clean slate and is presumed innocent of the charge until such time, if ever, that you as a jury decide unanimously that the Government has proven that Defendant guilty of the charge beyond a reasonable doubt.  The presumption of innocence, unless overcome, is sufficient alone to acquit a defendant.

**8.    Defendant's Right Not to Testify**

Under our Constitution, a defendant has no obligation to testify or to present any evidence because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  A defendant is never required to prove that she is innocent.

No inference of any kind may be drawn from the fact that the Defendants did not testify.  Indeed, it was each Defendant's constitutional right not to take the witness stand.  I instruct you that you must not allow this fact in any way to prejudice the Defendants and you must not consider it as an indication, admission, evidence, or inference of guilt.  Simply put, the fact that the Defendants did not testify must never enter into your deliberations or discussions.

**9.    Multiple Defendants**

There are two Defendants on trial before you.  Each has been charged with the same

crime.  You must return a separate verdict of guilty or not guilty for each Defendant.

As I instructed you at the beginning of the case, you must give separate and individual consideration to each Defendant.  The fact that you find one Defendant guilty or not guilty of the offense charged should not control your verdict as to the other Defendant.

**10.    What is Evidence**

You have seen and heard evidence in several forms, such as:

- The sworn testimony of witnesses;

- Documents, images, recordings, and other types of exhibits; and

- Stipulations as to facts.

**11.    What is Not Evidence**

The following things are not evidence:

- Anything you may have seen or heard outside the courtroom is not evidence.

- The Indictment is not evidence.

- The statements and arguments of the attorneys are not evidence.

- The questions and objections of the attorneys are not evidence.

If the objection was sustained, ignore the question and any answer that may have followed.  If the objection was overruled, treat the answer like any other answer.

You should not attach any special weight to evidence that came in over objection.

**12.    Limiting Instructions**

Certain statements were admitted for a limited purpose only.  When those statements were admitted, I instructed you that they were being admitted not for the truth of the statements but for the purpose of providing context for other statements and I instructed you that you may consider the statements that were being admitted for context only for that purpose.  I remind you

now that you must follow the limiting instructions that I gave you. You may not consider evidence admitted for a limited purpose for any purpose other than the purpose for which it was admitted.

**13.    Types of Evidence**

As I mentioned to you when trial began, there are, generally speaking, two kinds of evidence. One is direct evidence, which is direct proof of a fact, such as testimony of an eyewitness. The other is circumstantial evidence, which is proof of facts from which you may infer or conclude that other facts exist. You may consider both kinds of evidence.

There is an example we use to explain the difference between direct and circumstantial evidence. Assume that when you came into the courthouse this morning the sun was shining, and it was a beautiful spring day. Later, as you were sitting here, someone walks in with an umbrella that is dripping wet. A moment or two later, somebody else walks in with a wet umbrella. You have no direct evidence that it is raining because you have no window in sight, but, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to infer that it had begun to rain. That is all there is to circumstantial evidence. Using reason and experience, you infer from established facts the existence or the nonexistence of some other fact.

The law makes no distinction between direct and circumstantial evidence, and you may give either or both whatever weight you conclude is warranted.

**14.    Transcript**

During trial, a transcript of a recording was admitted as an aid to assist you in listening to the recording. The recording is in evidence. However, the transcript is not in and of itself

evidence.  You decide what is contained on the recording based on what you heard.  If you heard something different than what is reflected on the transcript, what you heard controls.

**15.    Charts and Summaries**

Certain charts and summaries have been admitted into evidence.  You should consider these charts and summaries as you would any other evidence.

**16.    Redactions**

Among the exhibits admitted into evidence, there are some documents that are redacted.  "Redacted" means that part of the document was taken out.  You are to concern yourself only with the part of the document that has been admitted into evidence.  You are not to speculate as to what was redacted or why something was redacted.

**17.    Stipulations**

In this case, there has been evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You should regard such agreed-upon facts as true.

**18.    Venue**

You must consider whether any act in furtherance of the crime charged occurred within the Eastern District of New York, which includes the counties of Kings, Nassau, Queens, Richmond, and Suffolk and concurrently with the Southern District of New York, the waters within the counties of Bronx and New York.  The Eastern District of New York also includes the air space above the district.  Brooklyn is coextensive with Kings County.

Although the Government's burden as to everything else in the case is proof beyond a reasonable doubt, a standard that I have already explained to you, venue need be proven only by the lesser standard of "preponderance of the evidence."  To prove something by a preponderance

of the evidence means simply to prove that the fact is more likely true than not true. Thus, the Government has satisfied its venue obligation if you conclude that it is more likely than not that any act in furtherance of the crime charged occurred within the Eastern District of New York.

If you find that the Government has failed to prove that any act in furtherance of the crime charged occurred within this district, then you must find the Defendants not guilty of the crime charged.

19.    **Dates Approximate**

The Indictment charges that the offense occurred "in or about and between" certain dates. The evidence need not establish with certainty the exact dates of the alleged offense. It is sufficient if the evidence establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged. And the Government does not have to prove that the Defendants committed the acts comprising the offense throughout the entire time period.

20.    **Meaning of "And" in the Indictment**

You will also see that the Indictment uses the word "and" where my instructions will use the word "or." This is a result of how the Government formalizes its charges, and it is not a statement of the law. Where my instructions use the word "or," that "or" is controlling over any other contradictory phrasing in the Indictment.

21.    **Knowingly and Intentionally**

Because the charge implicates the concepts of knowledge and intent, I will tell you now about these concepts.

The Government bears the burden of proving beyond a reasonable doubt that the Defendants acted knowingly and intentionally. Therefore, before you can find either Defendant guilty, you must be satisfied that the Defendant was acting knowingly and intentionally with

respect to the acts comprising the charged offense.

### A.    Knowingly

A person acts "knowingly" when she acts intentionally and voluntarily, and not because of ignorance, mistake, negligence, accident, carelessness, or any other innocent reason.  Whether a Defendant acted knowingly may be proven by her conduct and by all of the facts and circumstances surrounding the case.

### B.    Intentionally

A person acts "intentionally" when she acts deliberately and purposefully.  That is, a Defendant's act must have been the product of a conscious, objective decision rather than the product of a mistake or accident.

A person need not be aware of the specific law that her conduct may be violating but her acts must be taken intentionally.

22.    **Forced Labor Conspiracy**

The Indictment contains one Count, which charges the Defendants with forced labor conspiracy.

The Indictment reads in pertinent part as follows:

> In or about and between 2006 and May 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NICOLE DAEDONE and RACHEL CHERWITZ, together with others, did knowingly and intentionally conspire to:
>
> (a) provide and obtain the labor and services of one or more persons by means of, and by a combination of means of: (i) force, threats of force, physical restraint and threats of physical restraint to a person; (ii) serious harm and threats of serious harm to a person; (iii) the abuse and threatened abuse of law and legal process; and (iv) one or more schemes, plans, and patterns intended to cause a person to believe that, if he or she did not perform such labor and services, a person would suffer serious harm and physical restraint, contrary to Title 18, United States Code, Section 1589(a); and
>
> (b) benefit, financially and by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any such means, knowing, and in reckless disregard of the fact, that said venture had engaged in the providing and obtaining of labor and services by any such means, contrary to Title 18, United States Code, Section 1589(b).

The Indictment alleges a violation of Title 18, United States Code, Section 1594(b), which, as pertinent here, makes it a crime to conspire to violate Title 18, United States Code, Section 1589.

A conspiracy is a kind of criminal partnership – an agreement by two or more persons to accomplish some unlawful purpose. A conspiracy to commit a crime is an offense distinct from the underlying crime that the conspirators agreed to commit.

13

The crime of forced labor conspiracy that is charged in the Indictment has two elements:

> <u>First</u>, that two or more persons entered into an unlawful agreement to commit forced labor; and

> <u>Second</u>, that the Defendant knowingly and intentionally became a member of the conspiracy.

## A.    First Element: Existence of the Conspiracy

The <u>first</u> element that the Government must prove beyond a reasonable doubt to establish the crime of forced labor conspiracy is that two or more persons entered into an unlawful agreement to commit forced labor.  One cannot commit the crime of conspiracy by oneself.  Rather, the proof must convince you that at least two persons had joined together in a common criminal scheme.

In order for the Government to prove this element, however, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement.  Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish the unlawful act of forced labor by means of a joint plan or common design.

You may, of course, find that the existence of an agreement to disobey or violate the law has been established by direct proof.  But because conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

B.    **Second Element: Membership in the Conspiracy**

The second element that the Government must prove beyond a reasonable doubt to establish the crime of forced labor conspiracy is that the Defendant knowingly and intentionally became a member of the conspiracy. I have previously instructed you as to the terms "knowingly" and "intentionally."

An individual's knowledge is a matter of inference from the facts proven. I instruct you that to become a member of the conspiracy, an individual need not have known the identities of each and every other member of the conspiracy, nor need she have been apprised of all of their activities. Moreover, an individual need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on her part. Furthermore, an individual need not have joined in all of the conspiracy's unlawful objectives.

In addition, a conspirator's liability is not measured by the extent or duration of her participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the individuals within the ambit of the conspiracy.

I want to caution you, however, that an individual's mere presence at the scene of an alleged crime does not, by itself, make her a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make an individual a member. A person may know, or be friendly with, a criminal without being a criminal herself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge, without participation, in the unlawful

plan is not sufficient. Furthermore, the fact that a person, without any knowledge that a crime is being committed, merely happens to act in a way that furthers the purposes or objectives of the conspiracy does not make that person a member. More is required under the law. What is necessary is that the individual must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

The Indictment charges each Defendant with forced labor conspiracy, in violation of Title 18, United States Code, Section 1594(b). To convict either Defendant of this charge, you must find beyond a reasonable doubt that the forced labor conspiracy existed on or after June 21, 2009. A Defendant cannot be found guilty by you solely on evidence of acts that occurred prior to June 21, 2009. That is because Title 18, United States Code, Section 1594(b) became effective on June 21, 2009.

## C.   Object of the Conspiracy (Forced Labor)

To determine whether the Government has proven beyond a reasonable doubt that either Defendant engaged in the forced labor conspiracy charged in the Indictment, you need to know about the crime of forced labor. The Government need not prove that either Defendant actually committed forced labor, but in order for you to find either Defendant guilty of the conspiracy charged in the Indictment, the Government must prove that the Defendant conspired with at least one other person to commit forced labor. I will therefore explain to you the crime of forced labor.

The statute for the crime of forced labor, Title 18, United States Code, Section 1589, provides in pertinent part:

> (a) Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means –
>
> > (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
> >
> > (2) by means of serious harm or threats of serious harm to that person or another person;
> >
> > (3) by means of the abuse or threatened abuse of law or legal process; or
> >
> > (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint,
>
> shall be [guilty of a crime].
>
> (b) Whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means, shall be [guilty of a crime].

As reflected by the language that I just read to you, there are two alternative means by which a defendant can violate the forced labor statute – namely, by violating Section 1589(a) of Title 18 of the United States Code or by violating Section 1589(b) of Title 18 of the United States Code.

### i.    Title 18, United States Code, Section 1589(a)

There are three elements of the crime of forced labor under Title 18, United States Code, Section 1589(a).  As relevant here, those elements are:

> First, that a defendant provided or obtained the labor or services of a person;
>
> Second, that the defendant did so through one of, or any combination of, the following prohibited means:
>
> > (1) force, threats of force, physical restraint, or threats of physical restraint against the person or another person;
> >
> > (2) serious harm or threats of serious harm to the person or another person; or
> >
> > (3) a scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, the person or another person would suffer serious harm or physical restraint; and
>
> Third, that the defendant acted knowingly.

#### a.    First Element

The first element of the crime of forced labor under Title 18, United States Code, Section 1589(a) requires that a defendant must have provided or obtained the labor or services of a person.

To "obtain" means to gain or acquire.  "Labor" means the expenditure of physical or mental effort.  "Services" means conduct or performance that assists or benefits someone.

For the crime of forced labor under Title 18, United States Code, Section 1589(a), the Government would not have to prove that a person performed work for a defendant in the economic sense, although that would satisfy this element.  All the Government would have to prove is that a person performed labor or services as I just defined those terms.

### b.    Second Element

For the <u>second</u> element of the crime of forced labor under Title 18, United States Code, Section 1589(a), the Government would have to prove that a defendant provided or obtained the labor or services of a person through one of, or any combination of, the prohibited means I referenced – namely: (1) force, threats of force, physical restraint, or threats of physical restraint against the person or another person; (2) serious harm or threats of serious harm to the person or another person; or (3) a scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, the person or another person would suffer serious harm or physical restraint.

The term "physical restraint" is to be given its ordinary meaning.

A "threat" is a serious statement expressing an intention to inflict harm, at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner.  For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to cause harm.  In addition, a defendant must have made the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat.

The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances as the alleged victim to perform or to continue performing labor or services in order to avoid incurring that harm.

A "threat of serious harm" includes any threat that is sufficient under all the surrounding

19

circumstances to compel a reasonable person of the same background and in the same circumstances as the alleged victim to perform or to continue performing labor or services in order to avoid incurring that harm.

In determining whether a defendant made a threat of serious harm that could reasonably be believed by a person, one should consider a person's physical and mental condition, age, education, training, experience, intelligence, and particular vulnerabilities. A threat of serious harm must be sufficient in kind or degree to cause a reasonable person of the same background and in the same circumstances as an alleged victim to believe that there was no reasonable choice except to perform or to continue performing labor or services for the defendant.

The words "scheme," "plan," and "pattern" are to be given their ordinary meanings.

For the second element of the crime of forced labor under Title 18, United States Code, Section 1589(a), if one finds that any of the prohibited means I referenced was used, one must then determine whether such use was sufficient to cause an alleged victim reasonably to believe that she had no choice but to perform or to continue performing labor or services for the defendant. In making this determination, one may consider the cumulative effect on the alleged victim of the defendant's conduct.

I instruct you that some warnings by an employer to an employee can be legitimate and warnings of legitimate but adverse consequences of an employee's actions, standing alone, are not sufficient to violate the forced labor statute.

c.    **Third Element**

The third element of the crime of forced labor under Title 18, United States Code, Section 1589(a) requires that a defendant must have acted knowingly. I have previously instructed you as to the term "knowingly."

### ii.    Title 18, United States Code, Section 1589(b)

I have just explained to you the elements of the crime of forced labor under <u>Title 18, United States Code, Section 1589(a)</u>. I will now turn to the elements of the crime of forced labor under <u>Title 18, United States Code, Section 1589(b)</u>.

There are three elements to the crime of forced labor under <u>Title 18, United States Code, Section 1589(b)</u>:

<u>First</u>, that a defendant knowingly benefited financially or by receiving anything of value from participation in a venture;

<u>Second</u>, that the venture was engaged in providing or obtaining labor or services through any one of, or any combination of, the prohibited means that I previously identified; and

<u>Third</u>, that the defendant knew or recklessly disregarded the fact that the venture was engaged in providing or obtaining labor or services by any of these prohibited means.

Title 18, United States Code, Section 1589(b) does not require that a defendant engaged in providing or obtaining the labor or services of a person. It only requires that there was a venture that engaged in one of the prohibited means, that a defendant knew or recklessly disregarded the fact that the venture was involved in forced labor, and that a defendant knowingly participated in some way and benefitted financially or by receiving a thing of value from participation in that venture. A "venture" is two or more persons associated in fact, whether or not their association forms a legal entity.

### a.    First Element

With respect to the <u>first</u> element of the crime of forced labor under Title 18, United States Code, Section 1589(b), it is sufficient to find that a defendant played any role in the venture, even if that role was minor, and even if that role was not related to actually obtaining a person's labor or services. A defendant needs to have knowingly benefitted, financially or by receiving

something of value, from participation in the venture. A thing of value need not involve monetary exchange and need not have any financial component, though it can. I have previously instructed you as to the term "knowingly."

### b.    Second Element

With respect to the <u>second</u> element of the crime of forced labor under Title 18, United States Code, Section 1589(b), I have previously instructed you on the prohibited means of providing or obtaining labor or services.

### c.    Third Element

The <u>third</u> element of the crime of forced labor under Title 18, United States Code, Section 1589(b) requires that a defendant must have known or recklessly disregarded the fact that the venture was providing or obtaining labor or services by any of the prohibited means. I have previously instructed you as to knowledge. "Reckless disregard" as pertinent here means deliberate indifference to facts that, if considered and weighed in a reasonable manner, indicate the highest probability that the venture was engaging in forced labor.

\* \* \*

I have just explained to you the crime of forced labor. To prove the crime of forced labor, the Government would not need to prove that a defendant committed forced labor under both Section 1589(a) of Title 18 of the United States Code and Section 1589(b) of Title 18 of the United States Code. But the Government would need to prove beyond a reasonable doubt every element under Section 1589(a) or every element under Section 1589(b).

\* \* \*

But, again, the Defendants are not charged with committing the crime of forced labor. They are charged with committing the crime of forced labor conspiracy. I explained the crime of

forced labor to you only because you need to know about the crime of forced labor in connection with your consideration of the forced labor conspiracy charge, which as I have said is the only charge in this case.

23.    **Statements and Acts of Co-Conspirators**

A conspiracy is often referred to as a partnership in crime. As in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy. Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts of all of the members and all of the members are responsible for such acts, declarations, statements, and omissions.

Thus, if you find beyond a reasonable doubt that either Defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy at the time those acts were committed or statements were made may be considered against that Defendant so long as the acts or statements were reasonably foreseeable to the Defendant. This is so even if such acts were done and statements were made in the Defendant's absence and without her knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a Defendant's guilt, you must first determine that the acts and statements were made during the existence of, and in furtherance of, the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy, or

if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against either Defendant.

**24.    Credibility of Witnesses**

In deciding what the facts are in this case, you must consider all of the evidence that has been admitted. In doing this, you must decide which testimony to believe and which testimony not to believe. You are the sole judges of credibility of the witnesses and the weight their testimony deserves. In deciding whether and to what extent to believe a witness's testimony, you may take into account any number of factors, including the following:

- the witness's opportunity to see, hear, and know about the events he or she described;

- the witness's ability to recall and describe those things;

- the witness's manner in testifying – whether the witness was candid and forthright or whether the witness seemed as if he or she was hiding something, being evasive, or suspect in some way;

- how the witness's testimony on direct examination compared with how the witness testified on cross-examination;

- whether the witness had any possible bias, any relationship to a party, any motive to testify falsely, or any possible interest in the outcome of the trial; and

- whether the witness's testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence.

If you find that any witness has willfully testified falsely as to any material matter, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely or inaccurately about one matter, you may reject as false or inaccurate that portion of his or her testimony and accept as true any other portion of his or her testimony.

24

25.    **Law Enforcement Witnesses**

You heard the testimony of law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any other witness. You should evaluate such testimony in the same manner as you would the testimony of any other witness.

26.    **Witness with Immunity**

Under the law, Congress has granted the Government the right to request that a witness be compelled to testify after asserting his constitutional right against self-incrimination. In this case, the Court, upon request of the attorneys for the Government, compelled Robert Kandell to testify and granted him immunity from prosecution. Where a witness has testified under an immunity order, his testimony may not be used against him in a criminal case, except in a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order.

It is important for you to understand that it would be improper and in violation of your oath to question the wisdom or propriety of the policy of permitting the Court to immunize a witness, or the decision by the Government to obtain immunity for a witness. The matter of immunity is relevant, but only as to your consideration of the credibility of a witness who has been immunized. You should examine the witness's testimony with caution and weigh it with care taking into account the fact that the witness testified pursuant to an immunity order.

27.    **Interviews of Witnesses**

It is proper for an attorney to interview a witness in preparation for trial.

28.    **Permissible Inferences from Evidence**

The attorneys in summing up have asked you to draw certain inferences from the evidence in the case. Any inference you draw must be reasonably based on the evidence and you may infer only such facts that your reason and common sense lead you to believe follow from the evidence. You are not to engage in speculation based on matters not in evidence.

29.    **All Available Evidence Need Not be Produced**

Although the Government bears the burden of proof, the law does not require the Government to produce as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters in issue in this trial. Nor does the law require the Government to produce as exhibits all papers and things mentioned during the course of the trial.

30.    **Investigative Techniques**

You have heard testimony about evidence obtained through certain investigative techniques. Whether you approve or disapprove of how this evidence was obtained should not enter your deliberations. I instruct you that the Government's use of this evidence is lawful. You must therefore give this evidence full consideration along with all of the other evidence in the case in determining whether the Government has proven either Defendant's guilt beyond a reasonable doubt.

31.    **Specific Law Enforcement Techniques Not Required**

There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the law enforcement evidence introduced by the Government, you are not to speculate as to why the techniques used were used or why other techniques were not used.

Your concern is to determine whether or not, on the evidence or lack of evidence, either Defendant's guilt has been proven beyond a reasonable doubt.

**32.    Bias**

I remind you that each of you has undertaken a solemn obligation, a sworn obligation, to decide this case solely on the evidence. You must carefully and impartially consider the evidence, follow the law as I state it, and reach a just verdict, regardless of the consequences. You are to perform this task with complete fairness and impartiality, and without bias, prejudice, or sympathy for or against the Government or Defendants.

**33.    Punishment**

The question of possible punishment of the Defendants is of no concern to the jury and should not enter into or influence your deliberations. The duty of imposing a sentence rests exclusively with the Court. Your function is to weigh the evidence in the case and to determine whether or not each Defendant is guilty beyond a reasonable doubt, solely upon the basis of the evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon either Defendant, if convicted, to influence your verdict in any way or to enter into your deliberations at all.

**34.    Persons Not on Trial**

You have heard evidence about the involvement of certain other people in the crime charged in the Indictment. That these individuals are not on trial before you is not your concern. You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.

**35.    Deliberations**

During deliberations, you are entitled to your own opinions, but you should exchange

views with your fellow jurors and listen carefully to each other. That is the very nature of the deliberative process. Do not hesitate to change your opinion if you are convinced that another opinion is correct. But each of you must make your own decision.

36.    **Unanimity**

Any verdict you reach must be unanimous – you must all agree.

37.    **Jury Charge**

In a few minutes, I will supply you with a copy of my instructions. If you refer to these instructions, keep in mind that you should consider them as a whole. Each part of these instructions is important in your deliberations. And, most importantly, do not let my giving you the instructions discourage you from asking for further instructions or clarification should the need arise.

38.    **Jury Communications with the Court**

If you wish during your deliberations to communicate with the Court, for any reason, send a note to me through the Marshal. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing.

39.    **Right to See Exhibits and to Have Testimony Read During Deliberations**

If, in the course of your deliberations, you have any questions as to what a witness said on any matter, you will have access to that testimony – the Court Reporter will be available to read back to you any portions on which you have questions or you will be provided with a copy of the relevant portion of the transcript. Please try to be as specific as possible if you make requests for testimony; in other words, if you are interested only in a particular part of a witness's testimony, please indicate that in your note. Bear in mind that it may take some time to

locate the testimony in the transcripts, so please be patient.

If you want to see any of the exhibits, please send me a note. Depending on what you ask for, you will either come to the courtroom to view it or it will be sent to you in the jury room.

**40.    Jurors' Notes**

During the trial, I permitted the taking of notes by those of you who wished to do so. As I instructed you at the beginning of the trial, your notes are not a substitute for the official court record and you are not to rely on your notes in place of the official record. The Court Reporters took down what the witnesses said and you will have access to that testimony if you need it during your deliberations. During your deliberations, your notes are to be used solely to assist you. You are not to share them with other jurors.

**41.    No Communications**

I have already spoken to you about not discussing the case with others or conducting independent research about this case. When you retire to deliberate, you may begin discussing the case with your fellow jurors. However, you may only deliberate when all of you are together. And, you still cannot discuss the case with anyone other than your fellow jurors until the case is over and you are discharged as jurors; during your deliberations, you must not communicate with anyone else about this case by any means – including in person, by phone, by video, by email, by text, through social media, or by any other means.

You should not consult dictionaries or other reference materials, search the Internet, look to websites or blogs, or use any other tool – electronic or otherwise – to obtain information about this case or to help you in your decisions as jurors. It is very important that your decisions be made solely on the basis of the evidence presented in the courtroom in this case.

42.    **Selecting a Foreperson**

When you go to the jury room to begin your deliberations, you should first select someone to be the foreperson.  The foreperson will be responsible for signing all communications to the Court and for handing them to the Marshal during your deliberations.

43.    **Verdict Form**

You will receive a verdict form to fill out.  When you are ready to report your verdict, check the verdict form carefully to make sure that it accurately reflects the jury's verdict, and bring it to the courtroom when summoned by the Court.  Please make sure that the verdict form is dated and signed by the foreperson.

44.    **Not to Reveal Status**

Bear in mind that you are not to reveal to any person – not even to me – how the jury stands numerically on the question of whether a Defendant is guilty or not guilty, until after you have reached a unanimous verdict.  At that time, you should send a note to me saying, "We have reached our verdict."  Do not indicate in your note what your verdict is.  When you send a note to me saying "We have reached our verdict," you will be brought to the courtroom and the verdict will be taken.

45.    **Oath**

Members of the jury, your oath sums up your duty – and that is, that you will well and truly try this case and render a true verdict according to the evidence presented to you in court, and according to the law as I have just instructed you.

***

30

Members of the jury, you will soon begin your deliberations. But first I will meet briefly with the parties at sidebar. Please remain in the jury box, without speaking to each other, while I speak to the parties.

\*\*\*

46.    **Alternate Jurors**

At this time, Jurors 1 through 12 will begin deliberations.

I am going to ask that the alternate jurors remain here in the courthouse during deliberations. After Jurors 1 through 12 leave the courtroom to begin deliberations, I will give you more schedule and logistical information.

During the time that the jury is deliberating, alternate jurors should not talk about this case with anyone, even among yourselves. There is always a possibility until a verdict is reached that one or more of you could be called upon to deliberate with the jury, so it is very important that you not talk about the case until a verdict is reached. If anyone attempts to talk to you about the case, please report that to me immediately.