UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
United States of America

              v.

Rachel Cherwitz and Nicole Daedone,

              Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
23-CR-00146 (DG)

DIANE GUJARATI, United States District Judge:

Pending before the Court is the joint motion of Defendants Rachel Cherwitz and Nicole Daedone for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. *See* Defendants Cherwitz and Daedone's Memorandum of Law in Support of a Judgment of Acquittal (hereinafter, the "Motion"), ECF No. 417; *see also* ECF No. 418 (submission containing sealed exhibit). The Motion was filed following a five-week jury trial at which each Defendant was found guilty of forced labor conspiracy, in violation of 18 U.S.C. § 1594(b). *See generally* docket.[1]

The Government opposes the Motion. *See* Government's Memorandum in Opposition to Defendants' Motion for Judgment of Acquittal (hereinafter, the "Opposition"), ECF No. 425.

For the reasons set forth below, the Motion, ECF No. 417, is DENIED.

## BACKGROUND

Familiarity with the procedural history and background of this case – including with the trial record and with the Court's prior rulings – is assumed herein.

## DISCUSSION

In light of the trial evidence and applicable legal standards, the Motion must be denied.

---

[1] Defendants' earlier motions brought pursuant to Rule 29 of the Federal Rules of Criminal Procedure were denied during trial.

## I. Applicable Law

As relevant here, Rule 29 of the Federal Rules of Criminal Procedure ("Rule 29") provides that after a guilty verdict, a defendant "may move for a judgment of acquittal, or renew such a motion" and "the court may set aside the verdict and enter an acquittal." *See* Fed. R. Crim. P. 29(c)(1) & (2).

The legal standards under which a district court decides a Rule 29 motion are well settled and the parties do not appear to dispute the applicable standards. As relevant here and in summary, the United States Court of Appeals for the Second Circuit has set forth that a defendant challenging the sufficiency of the evidence at trial bears a heavy burden; that in reviewing such a challenge, a court must view the evidence in the light most favorable to the Government, crediting every inference that could have been drawn in the Government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence; that a court must assess the evidence as a whole and not evaluate the evidence piecemeal or in isolation; and that a court must uphold a jury verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Gahagen*, 44 F.4th 99, 108 (2d Cir. 2022); *United States v. Connolly*, 24 F.4th 821, 832 (2d Cir. 2022); *United States v. White*, 7 F.4th 90, 98 (2d Cir. 2021).

## II. The Motion and Opposition

In support of their request for a judgment of acquittal, Defendants raise three principal arguments: (1) that the forced labor statute should be narrowly construed to avoid violating the First and Fifth Amendments, *see* Motion at 2-11 (discussing, *inter alia*, vagueness and constitutional avoidance); (2) that a narrow application of the forced labor statute requires a judgment of acquittal, *see* Motion at 11-20 (discussing, *inter alia*, "by means of" and "serious

harm" language in 18 U.S.C. § 1589 and scienter); and (3) that in violation of the First Amendment, the Government asked the jury to convict Defendants because of the alleged immorality of their spiritual practices, *see* Motion at 20-21.

In the Opposition, the Government sets forth the applicable legal standards and factual background, citing extensively to the trial record, and raises a number of arguments in opposition to Defendants' request for a judgment of acquittal. *See generally* Opposition. The Government argues, *inter alia*: that the majority of Defendants' arguments are inappropriately brought under Rule 29 – because they do not address the sufficiency of the evidence – and that much of the Motion should be denied on that basis alone; that evidence about which Defendants complain was properly admissible; that Defendants' vagueness and constitutional avoidance arguments are unavailing here; that Defendants' conduct falls within the scope of the forced labor conspiracy statute; and that the Government established the requisite *mens rea* and adduced ample evidence to support Defendants' convictions. *See generally* Opposition.[2] The Government asserts that Defendants' arguments "wholly ignore the trial evidence and the relevant legal standard, and instead attempt to paint a false picture of religious persecution" and the Government urges the Court to "reject this naked attempt to launder the trial record." *See* Opposition at 1; *see also* Opposition at 10-11 (asserting: "The defendants repeatedly claim that the government criminalized their spiritual philosophy. That is false. The government prosecuted conduct – not belief. The First Amendment does not shield that conduct simply because it was carried out in spiritual garb."); Opposition at 12 (asserting: "The defendants were

---

[2] The Government addresses arguments raised in the Motion as well as arguments raised previously by Defendants in the Rule 29 context. *See* Opposition at 24-25 (addressing, *inter alia*, statute of limitations for forced labor conspiracy, effective date of 18 U.S.C. § 1589(b), and validity of 18 U.S.C. § 1594(b)); *see also* ECF No. 401.

convicted because the government proved they knowingly and intentionally conspired to build a financially successful business through the criminally coerced labor of certain of its workers. . . . Whether the product the company was selling – OM – is rooted in religion and spirituality, as the defendants now claim, is a non-sequitur in the face of [the trial] evidence." (quotation omitted)).

## III. The Motion is Denied

Defendants have failed to satisfy their heavy burden.

As an initial matter, the Court notes that in the Motion, Defendants contend insufficiently with the trial evidence, opting instead largely to reiterate and/or repackage arguments previously addressed by the Court – albeit presented now in the post-trial context. *See generally* Motion. As the Government points out, certain of the arguments advanced by Defendants do not properly fall under Rule 29, notwithstanding Defendants' efforts to shoehorn those arguments into a sufficiency-of-the-evidence challenge. In any event, the Court has considered all of Defendants' arguments. To the extent that the Motion reiterates and/or repackages arguments previously rejected by the Court, the Court incorporates herein its prior rulings with respect to those arguments, including the Court's prior rulings denying Defendants' multiple motions to dismiss and the Court's prior rulings addressing the parties' various motions *in limine* with respect to issues Defendants touch on in the Motion. Defendants' reiterated and/or repackaged arguments are no more persuasive now than when previously raised.

Assessed under the well-settled legal standards governing Rule 29 motions, the trial evidence – including, *inter alia*, victim testimony and testimony from other individuals affiliated at relevant times with OneTaste (including a witness identified as a co-conspirator), OneTaste records, and other financial records – is sufficient to defeat the Motion. The trial evidence was

4

sufficient for a rational jury to have found beyond a reasonable doubt that each Defendant was guilty of the crime of forced labor conspiracy, in violation of 18 U.S.C. § 1594(b) – the trial evidence was sufficient for a rational jury to have found beyond a reasonable doubt that two or more persons entered into an unlawful agreement to commit forced labor and that each Defendant knowingly and intentionally became a member of the conspiracy.

The Motion, ECF No. 417, is DENIED.

SO ORDERED.

                                                */s/ Diane Gujarati*
                                                DIANE GUJARATI
                                                United States District Judge

Dated: August 11, 2025
       Brooklyn, New York