# EXHIBIT A
U.S. v. Nicole Daedone
23-CR-146 (DG)

LHE:GK/DL/JS
F. #2018R01401

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

RACHEL CHERWITZ and
NICOLE DAEDONE.

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION

Cr. No. 23-146 (DG)

        WHEREAS, on April 3, 2023, a grand jury sitting in the Eastern District of New York issued an indictment charging defendant NICOLE DAEDONE with forced labor conspiracy in violation of 18 U.S.C. § 1594(b) (the "Indictment");

        WHEREAS, on or about May 26, 2023, United States Magistrate Judge James R. Cho issued warrants (the "Original Warrants") authorizing the seizure of (a) any and all funds on deposit in Fidelity account number ▮▮▮▮▮▮▮▮ held in the name of NICOLE DAEDONE, up to and including the sum of seven hundred eighty-two thousand three hundred fifty-nine dollars and no cents ($782,359.00), and all proceeds traceable thereto ("Target Account 1"); (b) any and all funds on deposit in Fidelity account number ▮▮▮▮▮▮▮▮ held in the name of NICOLE DAEDONE, up to and including the sum of one million eight hundred five thousand three hundred ninety-six dollars and fifteen cents ($1,805,396.15), and all proceeds traceable thereto ("Target Account 2"); and (c) Wells Fargo account number ▮▮▮▮▮▮▮▮ held in the name of NICOLE DAEDONE, up to and including the sum of two million nine hundred seventy thousand dollars and no cents ($2,970,000.00), and all proceeds traceable thereto ("Target Account 3" and, together

with Target Account 1 and Target Account 2, the "Target Accounts"), based upon a showing of probable cause to believe that the Target Accounts are subject to forfeiture, pursuant to 18 U.S.C. §§ 1594(d) and 1594(e), as property, real or personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of a violation of 18 U.S.C. § 1594(b);

WHEREAS, on or about the same date, law enforcement agents executed the Original Warrants, which resulted in the seizure of approximately seven hundred eighty-two thousand three-hundred fifty-nine dollars and no cents ($782,359.00) from Target Account 1, approximately one million one hundred fifty-nine thousand six hundred fifty-six dollars and forty-seven cents ($1,159,656.47) from Target Account 2, and approximately one hundred twenty-two thousand four hundred seventeen dollars and fifty-two cents ($122,417.52) from Target Account 3 (collectively, the "Seized Funds");

WHEREAS, on or about September 21, 2023, United States Magistrate Judge James R. Cho reissued warrants (the "Reissued Warrants") authorizing the seizure of (a) any and all funds on deposit in Target Account 1, up to and including the sum of seven hundred eighty-two thousand three hundred fifty-nine dollars and no cents ($782,359.00), and all proceeds traceable thereto; (b) any and all funds on deposit in Target Account 2, up to and including the sum of one million eight hundred five thousand three hundred ninety-six dollars and fifteen cents ($1,805,396.15), and all proceeds traceable thereto; and (c) Target Account 3, up to and including the sum of two million nine hundred seventy thousand dollars and no cents ($2,970,000.00), and all proceeds traceable thereto, based upon a showing of probable cause to believe that the Target Accounts are subject to forfeiture, pursuant to 18 U.S.C. §§ 1594(d)(1), (d)(2) and 18 U.S.C. §§ 1594(e)(1)(A), (e)(1)(B), as (i) property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of a violation of Title 18, United States Code,

2

Section 1594(b), or property traceable to such property, and (ii) property, real or personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of a violation of 18 U.S.C. § 1594(b);

WHEREAS, on or about August 7, 2023, defendant NICOLE DAEDONE, through counsel of record, asserted that she lacked sufficient funds to retain counsel of choice guaranteed by the Sixth Amendment to the U.S. Constitution (the "Sixth Amendment Claim") and requested that the government release the Seized Funds in order to pay for such counsel (the "Release Request");

WHEREAS, on or about August 22, 2023, the government filed a Bill of Particulars notifying defendant NICOLE DAEDONE of the government's intention to seek forfeiture of the Seized Funds, pursuant to 18 U.S.C. § 1594(d);

WHEREAS, on or about the same date, in support her Sixth Amendment Claim and Release Request, defendant NICOLE DAEDONE provided the government with a sworn financial statement, which was subsequently revised on or about August 24, 2023 and updated on October 26, 2023, setting forth all assets in which she holds an interest (the "Financial Statement"); and

WHEREAS, the government and defendant NICOLE DAEDONE desire to resolve DAEDONE's Sixth Amendment Claim without further litigation on the terms and subject to conditions set forth below;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the government and defendant NICOLE DAEDONE as follows:

1. In full and complete satisfaction of defendant NICOLE DAEDONE's Sixth Amendment Claim and Release Request, and following the government's receipt of an ACH form duly completed by her counsel, the government shall release to counsel for defendant NICOLE

3

DAEDONE the sum of $877,582.48 seized from Target Account 2 and the sum of $122,417.52 seized from Target Account 3 (together, the "Released Funds"). To effectuate return of the Released Funds, the government shall file a revised Bill of Particulars that excludes the Released Funds from those assets sought for forfeiture. In addition, the return of the Released Funds shall be subject to any offset pursuant to the Treasury Offset Program, as discussed in paragraph 6 below.

2. Defendant NICOLE DAEDONE hereby waives her right to assert any Sixth Amendment Claim as to the remaining amount of the Seized Funds (the "Remaining Funds") or with respect to other property sought for forfeiture by the government in this case.

3. Defendant NICOLE DAEDONE represents that the Financial Statement is true, accurate, and complete. In the event of the discovery of property belonging to defendant NICOLE DAEDONE that was not disclosed on the Financial Statement ("Undisclosed Assets"), defendant NICOLE DAEDONE shall tender any unspent amount of the Released Funds to the government (the "Unspent Funds") and consent to the immediate seizure or restraint of such Undisclosed Assets, up to the value of the difference between the Unspent Funds and the Released Funds.

4. In the event that the Court imposes a Forfeiture Money Judgment against defendant NICOLE DAEDONE (the "Forfeiture Money Judgment") following her conviction of any offense charged in the Indictment or any superseding indictment based upon the facts and circumstances set forth in the Indictment and for which forfeiture is statutorily authorized, defendant NICOLE DAEDONE consents to (i) the forfeiture of the Remaining Funds, up to the amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), and (ii) the entry of a Preliminary Order of Forfeiture, pursuant to Rule 32.2 of the Federal Rules of Criminal

Procedures, forfeiting the Remaining Funds. Following the entry of a Preliminary Order of Forfeiture as to the Remaining Funds, the defendant NICOLE DAEDONE shall not file a claim, or assist any third party in filing a claim, to the Remaining Funds.

5. Upon request by the government, the defendant NICOLE DAEDONE shall provide an accounting that identifies each recipient of any portion of the Released Funds and any amounts of the Released Funds that have not been expended by the recipient of such funds. In the event that the Released Funds are not fully expended to pay for counsel before the entry of a judgment of conviction in this case, defendant NICOLE DAEDONE shall, upon request by the government, tender any unspent funds to the government so that the government may seek a determination as to the forfeitability of such funds.

6. The Debt Collection Improvement Act of 1996 (DCIA), 31 U.S.C. § 3716, requires the Department of the Treasury, the United States Marshals Service, and other disbursing officials to offset Federal payments to collect delinquent non-tax debts owed to the United States, or delinquent debts owed to states, including past-due child support enforced by states. If an offset to the Released Funds is made during an electronic funds transfer, defendant NICOLE DAEDONE will receive a notification from the government at the last address provided by the debtor to the creditor. If defendant NICOLE DAEDONE believes that the Released Funds may be subject to an offset, she may contact the Treasury Department at 1-800-304-3107.

7. Following receipt of an executed original of this Stipulation and a duly completed ACH form in accordance with paragraph 1 above, counsel for the government shall submit to the Court a proposed Order directing the release of the Released Funds in accordance with paragraph 1 above.

8. This Stipulation constitutes the entire agreement between the parties with

5

respect to the subject matter hereof and may not be modified or amended except by written agreement executed by each of them.

Dated:     Brooklyn, New York
November 7, 2023

BREON PEACE
United States Attorney

By: *[signature]*

Lauren H. Elbert
Gillian Kassner
Devon Lash
Jonathan Siegel
Assistant U.S. Attorneys
Eastern District of New York
(718) 254-7000

STEPTOE & JOHNSON
*Counsel to Defendant Nicole Daedone.*

By: *[signature]*

Julia Gatto, Esq.
Reid Weingarten, Esq.
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3900

*[signature]*

Nicole Daedone
Defendant

6