

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

KCB/KTF/NCG/SMF
F. #2018R01401

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 29, 2026

<u>By ECF</u>

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    United States v. Cherwitz, <u>et al.</u>
<u>Criminal Docket No. 23-146 (DG)</u>

Dear Judge Gujarati:

The government respectfully submits this letter in opposition to the defendants' request to play "a 5-6 minute video at the upcoming sentencing hearing," where the "content of the video relates to the Defendants' history and character." ECF No. 515. Counsel for defendant Nicole Daedone provided the video that is the subject of her request to the government on Friday evening, March 27, 2026. Counsel for defendant Rachel Cherwitz indicated that she previously provided the video in question to the government on November 19, 2025.[1]

Rule 32 of the Federal Rules of Criminal Procedure provides that the Court, before imposing sentence, must provide the following individuals an opportunity to speak: the defendant's attorney; the defendant; an attorney for the government; and any victim of the crime who is present at sentencing. <u>See</u> Fed. R. Crim. P. 32(i)(4). The Court already has before it, as part of the sentencing record, the videos in question, and may consider those videos in imposing sentence. <u>See</u> 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). However, Rule 32 does not require the Court to allow the defense to call mitigating witnesses (or circumvent the calling of such witnesses by repackaging their statements in video format). Indeed, in a related context, the Second Circuit has held that a defendant's "right of allocution" at a supervised release revocation hearing "does not include the right to call character witnesses,"

---

[1]    Cherwitz submitted multiple videos in connection with her sentencing submission and it is thus unclear which one she seeks to play at her sentencing. For the reasons outlined herein, the government opposes her playing any of them.

and expressly noted that Rule 32 itself "gives only four parties an explicit right to speak at sentencing: the defendant's attorney, the defendant, the Government, and any victims who may be present." United States v. Degroate, 940 F.3d 167, 175 (2d Cir. 2019). The Circuit went on to hold that:

> Other Courts of Appeals to have confronted the question of whether Rule 32 admits other character witnesses an opportunity to speak at sentencing has concluded that it does not, and we agree. To allow such testimony would potentially result in a mini-trial of the defendant's character following the trial of [her] guilt.

Id. at 175-76. Accordingly, the government opposes the playing of videos at the defendants' sentencings where the "content of the video relates to the Defendants' history and character."

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:   /s/ _____
Kayla C. Bensing
Kaitlin T. Farrell
Nina C. Gupta
Sean M. Fern
Assistant U.S. Attorneys
(718) 254-7000

cc:     Clerk of the Court (DG) (by ECF and email)
       Counsel of Record (by ECF and email)